## In re ADOPTION OF JONES BOYS.

Circuit Court, Dade County.

May 3, 1951.

Ross & Rinehart, Miami, for petitioners.

George N. Jahn, Miami, for the natural father.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard before me on petition for an interlocutory order of adoption. The petition was filed by John Black and Mary Jane Black on October 3, 1950, for adoption of two boys born in Miami in 1944 and 1946 named Frederick A. Jones, Jr., and William B. Jones. The boys are children of the petitioner Mary Jane Black, formerly Mrs. Jones, who is now the wife of the petitioner John Black. So the petition should be treated as that of John Black, the present foster father, for adoption of the two boys, and the mother's participation in the petition amounts simply to her consent thereto, as she is already a parent of the children.

The Jones were divorced in March 1947 by a decree of a local court, the mother being awarded the custody. The natural father, Frederick A. Jones, Sr., lives in Pennsylvania. He was given notice and filed an answer and objection to the adoption of his boys by

his former wife's present husband, and he appeared at the hearing which was held in this case in January 1951. After taking testimony at the January hearing the court made an order continuing the case to May 1, 1951, at which time it was resumed and further evidence was taken. The petitioners and the representatives of the welfare board appeared, and counsel for the natural father appeared, filing further evidence in the form of an affidavit on his behalf. A great many facts and circumstances were brought out and recited in the evidence before the court, but it would serve no useful purpose to burden the decree with an effort by the court to reconstruct and set out all the facts and evidence which came before the court at the two hearings.

It should be noted that the issue or problem presented in this case is a very narrow one and is less than is usual for adoption cases. For example, this case does not involve the question of an applicant for adoption taking a child out of an established home or away from the custody of a parent or other person. Nor is this a case where a child would be with the adopting petitioner upon the granting of a decree, but would not be living with such petitioner if the application for adoption should be denied. In this instance, the children have been awarded by a prior divorce decree to their mother, who is now Mrs. Black. Therefore, they are going to be placed in the household maintained by the petitioner, John Black, subject to the same contact with him which they would have regardless of whether or not an adoption occurs.

So there are only two questions. The first, putting aside for the moment the objection of the natural father, is whether it is for the best interest of the two boys that they should be adopted by their mother's present husband, and, second, whether, assuming an affirmative answer to the first question, the father's objections and desire to prevent their adoption are of sufficient force, or carry any benefit to the children which would outweigh and overcome the benefit to them of their being adopted by Mr. Black.

The record of this case furnishes a definite affirmative answer to the first of these questions. There is a real affection between John Black and the boys, which appears mutual, and, in fact, stronger than would ordinarily be the case in such circumstances. Black's character and personality, his business or earning habits and abilities were fully inquired into and appear favorable. The proposed adoption received the favorable recommendation of the welfare board, and this court acknowledges the benefit of material assistance in this case from the full and complete report and information which the representative of the welfare board has made available.

The only further question is the effect of Mr. Jones' objections. The father's rights are definite and should not be lightly considered or rejected, but his rights must be of the kind which bear on the welfare of the children rather than just those which may satisfy some selfish motive or desire or feeling on his part. Here we have a situation where the father has lost custody of these children through a divorce which was granted against him in 1947. As I recall it, the separation had occurred before the last child was born, and the father either failed or refused to pay for the cost of the mother's expense incident to the birth of that child, and later he has not supported the children. He has a responsible position with the Pennsylvania Railroad. He earns over $400 a month, and lives economically with his parents, but he has not devoted any part of his income to these children.

At the time of the hearing before me in January, it was recognized that the father's new-found interest in these children might result in some very definite action on his part for their benefit. That was one consideration which caused the court to continue the matter for a period of about five months. In the interval, the father began to make payments to the wife for the benefit of the children amounting to slightly less than $40 per month. That is not enough to support the children. In fact, in order to be adequate for their needs in the circumstances in which the parties live, the father's contribution to them would have to be at least double, if not three times the amount which he has furnished during this recess in the case. He claims a willingness to send about $40 a month, but an inability to do more for the boys. While Mr. Black's petition to adopt should not be determined on the basis of how much money, if any, the natural father will furnish to the boys, this court did feel that if the father of these boys was going to do enough for them to make it unfair to the boys to deprive them of that benefit by granting the adoption, that such would be a serious consideration for the court. The father's action, however, has removed the necessity to judge the case on that basis. He has done nothing which would offset the numerous and obvious advantages to the children by the granting of the petition, and it is the present and ultimate welfare of the children which must be the controlling factor in a case such as this.

It is therefore ordered, adjudged and decreed that the petitioners have made a prima facie case for adoption of the children, and the objections thereto of the natural father, Frederick Jones, Sr., are hereby denied. It is further ordered that the interlocutory period of this decree is hereby fixed at 60 days from the date of this order.